**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LITMON, JR., | CASE NO. 1:07-cv-01360-OWW-GSA PC |
| Plaintiff, | ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO FILE THIRD AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| STATE OF CALIFORNIA, et al., | (Doc. 13) |
| Defendants. | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff David Litmon, Jr. ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (Americans with Disabilities Act). Plaintiff, a detainee at Coalinga State Hospital in Coalinga, California, filed this action on September 17, 2007. Plaintiff filed a first amended complaint on October 1, 2007, and a second amended complaint on November 28, 2007. Plaintiff is seeking monetary, declaratory, and injunctive relief for claims arising out of the conditions of his confinement at the hospital.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing

1

that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     **Plaintiff's Claims**[1]

    A.     **Claim One**

Plaintiff alleges a claim for relief against the State of California, Governor Arnold Schwarzenegger, Department of Mental Health Director Stephen Mayberg, and Coalinga State Hospital Executive Director Norm Kramer under section 1983 for violation of the Due Process Clause of the Fourteenth Amendment arising from various conditions of confinement at Coalinga State Hospital. Plaintiff alleges claims against Schwarzenegger, Mayberg, and Kramer in their official and individual capacities.

Plaintiff's section 1983 claim against the State of California is barred because the state is entitled to immunity from suit in federal court. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Plaintiff's claims for damages against Schwarzenegger, Mayberg, and Kramer in their official capacities are also barred. Id. However, Plaintiff may seek injunctive or declaratory relief against Defendants Schwarzenegger, Mayberg, and Kramer in their official capacities, and may seek relief against them, including money damages, for actions taken in their individual (personal) capacities. Hydrick v. Hunter, 500 F.3d 978, 986-87 (9th Cir. 2007).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's

---

[1] Plaintiff separately identifies his claims as one through four, and the Court will follow his format in analyzing the claims in this order.

affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick, 500 F.3d at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Further, although "there is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Id. (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

First, Plaintiff alleges that on May 6, 2006, Defendants entered into a consent decree in United States of America v. State of California, 2:06-cv-02667-GPS-E (C.D. Cal.), under which certain conditions at state hospitals would remedied. The alleged violation of this consent decree forms the bases for some of Plaintiff's claims. "[A] civil rights action is not the proper means by which to enforce a remedial decree." Rogers v. Schriro, No. CV 07-0142-PHX-MHM (JRI), 2007 WL 2808226, *2 (D. Ariz. Sept. 25, 2007) (citations omitted). "Jurisdiction to enforce the judgment is retained by the court that entered it," and "individual[s] . . . are not allowed to seek relief through a § 1983 action for violations of the decree." Id. (citations omitted). Therefore, the allegation that Defendants are violating the consent decree - which does not appear to apply to Coalinga State Hospital in any event - does not give rise to any cognizable claims for relief.

The second problem is that Plaintiff has not alleged any facts identifying the basis for his claims against Defendants Schwarzenegger, Mayberg, and Kramer. Plaintiff must at a minimum identify what actions or omissions are attributable to Defendants. Hydrick, 500 F.3d at 988. The allegations that Schwarzenegger is responsible for the operation of state departments and hospitals, Mayberg is responsible for overseeing the operation of all state hospitals, and Kramer is responsible for the care, custody, control, and treatment of patients at the hospital are insufficient because such allegations are nothing more than an attempt to impose liability via respondeat superior, which is not permissible under section 1983.

Finally, Plaintiff only very generally identifies the conditions he alleges violate his constitutional rights. For example, Plaintiff alleges that Defendants have failed to provide rehabilitative programs that will enable him to become a productive citizen upon his release, Defendants have failed to allow him to be housed in a less restrictive setting based on his risk level, and Defendants have failed to provide constitutionally sufficient medical services by failing to provide him with treatment for bone spurs, chest pain, and right knee pain. (2nd Amend. Comp., ¶¶17(c),(e),(f).) These very general, conclusory allegations are insufficient to allow the Court to find that they rise to the level of constitutional violations, even in light of notice pleading. "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 1965 (citations omitted).

### B.     Claim Two

Plaintiff alleges that the State of California and the Department of Mental Health are discriminating against him, in violation of the ADA. The State and its agency are not entitled to immunity from suit under Title II of the ADA, Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 792-93 (9th Cir. 2004), which "prohibit[s] discrimination on the basis of disability," Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. Further, "[t]o recover monetary damages under Title II of the ADA . . . , a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Plaintiff has not alleged any facts which support a claim that he is being discriminated against in violation of the ADA. Rather, the discriminatory treatment alleged in the complaint arises from

being treated differently than other similarly situated civil detainees. It is the Equal Protection Clause which requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). However, in addition to the fact that Plaintiff has not sufficiently pled a viable equal protection claim, Plaintiff may not pursue an equal protection claim against the State or its agency because they are entitled to immunity from suit. The Court will provide Plaintiff with the opportunity to amend.

### C. Claim Three

Plaintiff alleges that Defendant Linda Clark is restricting his access to legal movies on DVD while allowing other patients to purchase and view pornography.[2] Plaintiff alleges that Clark's actions are violating his rights under the First and Fourteenth Amendments.

Detainees do "retain those First Amendment rights not inherently inconsistent with the circumstances of their detention." Hydrick, 500 F.3d at 991. However, Plaintiff does not enjoy an unfettered right to access movies, see id. at 990, and therefore, his bare allegation that his access to "legal movies" is being restricted is too vague to give rise to a claim for relief for violation of the First Amendment, see Fox v. Richards, No. C06-5063 RBL/KLS, 2007 WL 1031720, *3-4 (W.D. Wash. Apr. 3, 2007) (allegation that access to "certain" books, magazines, and movies is being restricted too vague to state a claim for violation of the First Amendment).

It is not clear if Plaintiff's Fourteenth Amendment claim is one for denial of equal protection or for denial of due process. Based on Plaintiff's allegation that Clark restricted his access to movies while allowing other patients to view pornographic material, it appears that Plaintiff is alleging he is being treated differently than other patients, which would implicate the Equal Protection Clause.

An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that a defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, Plaintiff must show that Clark's actions

///

---

[2] Plaintiff's claim does not appear to arise from his inability to view pornography but rather from his inability to access legal movies while others are allowed to access even pornography.

5

were a result of Plaintiff's membership in a suspect class, such as race.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, Plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, Plaintiff must allege that: (1) he is a member of an identifiable class; (2) he was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.  If an equal protection claim is based upon Clark's selective enforcement of a valid law or rule, Plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

In this instance, Plaintiff has not alleged sufficient facts to support a claim for violation of the Equal Protection Clause.  Plaintiff will be provided with the opportunity to amend.

**D.    Claim Four**

Plaintiff alleges claims against California Department of Corrections and Rehabilitation (CDCR) employees Galindo, Sanches, Soto, Hernandez, and Martinez under section 1983 for taking him into their custody, shackling him, strip searching him, transporting him to and from his medical appointment, and refusing to leave the room during his medical examination. (2nd Amend. Comp., ¶¶19-23.)

Plaintiff is a civil detainee housed at Coalinga State Hospital, and Defendants are employed at Pleasant Valley State Prison. Plaintiff had an outside medical appointment on October 24, 2007, and CDCR guards apparently transported him to and from his appointment. Because Plaintiff is a civil detainee, he is not free to travel outside of the hospital without escort. The fact that Plaintiff's transport was handling by CDCR personnel does not offend the Constitution. Therefore, Plaintiff's

///

claims arising from being taken into custody and transported to and from his medical appointment are not cognizable under section 1983.

Further, civil detainees do not enjoy an *absolute* right to be free from shackles or strip searches, or escort during a medical appointment, and Plaintiff has not alleged any facts which would support a claim that these conditions were unreasonable or gratuitous under the circumstances. Hydrick, 500 F.3d at 992-1000. Therefore, Plaintiff's bare allegations that his constitutional rights were violated because he was shackled, strip searched, and accompanied by escort during his medical appointment are not sufficient to give rise to any cognizable claims.

### III. Conclusion and Order

Plaintiff's second amended complaint fails to state any claims upon which relief may be granted under section 1983 or the ADA. The Court will provide Plaintiff with the opportunity to file a third amended complaint curing the deficiencies identified by the Court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed, with leave to amend, for failure to state a claim;

7

2.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint; and

4.  If Plaintiff fails to file a third amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   July 24, 2008**                           **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE