IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARCHIE CRANFORD, | ) | |
| | ) | |
| Plaintiff, | ) | 1:07-cv-1136-BLW-LMB |
| | ) | |
| v. | ) | |
| | ) | |
| ASHLIE TAYLOR, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

Currently pending before the Court is Plaintiff Archie Cranford's ("Plaintiff") motion to compel discovery to require Defendant Ashlie Taylor ("Defendant") to fully answer Plaintiff's Requests for Admission Set No. One and Interrogatories Set No. One. *Motion to Compell [sic] Diiscovery [sic]* ("Motion to Compel"), (Docket No. 26).

## STANDARD OF LAW

Federal Rule of Civil Procedure 26(b) allows "[p]arties [to] obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." The term "relevant" is further defined as information that is "reasonably calculated to lead to the discovery of admissible evidence, and it "need not be admissible at trial." Fed. R. Civ. P. 26(b)(1). Although relevance has a broad meaning, district courts are given wide discretion to apply the discovery rules in a way that will achieve the policy of the Federal Rules of Civil Procedure; namely to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ.

ORDER - 1

P. 1.

If the answering party fails to adequately respond to discovery, the propounding party can move for an order compelling discovery under Federal Rule of Civil Procedure 37(a). A court should deny a motion to compel if the information requested falls outside the scope of discovery. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992), *cert. denied*, 113 S.Ct. 2336 (1993).

## DISCUSSION

Plaintiff has filed a motion to compel, arguing that Defendant has evaded answering Plaintiff's discovery requests by responding that the requests are burdensome, oppressive, and vague. *Motion to Compel*, p. 1 (Docket No. 26). Plaintiff may not be aware that parties are permitted to answer in this manner to preserve their objections, because the failure to set forth a party's objections may result in significant legal consequences at trial.

Defendant's responses to Request for Admissions numbers 1 and 7 and Interrogatories numbers 4 and 8 cite to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") for the premise that Defendant cannot answer Plaintiff's inquiries. *Motion to Compel*, Exh. A, pp. 1–3; Exh. B, pp. 3–5 (Docket No. 26). The purpose of HIPAA is to protect individually identifiable health information. 45 C.F.R. § 164.508(a)(1). "Health information that does not identify an individual and with respect to which there is no reasonable basis to believe that the information can be used to identify an individual" is not considered "individually identifiable health information." *Id*. at §164.514(a). Plaintiff's requests only seek to discover the number of inmates with which Plaintiff was housed; none of his requests seek individually identifiable health information such as names, medical record numbers, photos, or social security

numbers, of his cell mates. Because HIPAA does not cover the information that Plaintiff seeks in his Request for Admissions numbers 1 and 7 and Interrogatories numbers 4 and 8, Defendants shall respond to those requests.

The Court has reviewed the remainder of Defendant's answers to Plaintiff's interrogatories and requests for admission and finds them appropriate under the circumstances. Accordingly, Plaintiff's motion shall be granted only to the extent that he seeks to discover the number of inmates with which he was housed.

## ORDER

Consistent with the foregoing Memorandum Decision,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (Docket No. 26) is GRANTED in part and DENIED in part as provided above.

DATED: **May 7, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge